# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOICEAGE EVS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1945 (CFC) |
| | ) | |
| HMD GLOBAL OY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| VOICEAGE EVS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-810 (CFC) |
| | ) | |
| LENOVO HOLDING COMPANY, INC., | ) | |
| LENOVO (UNITED STATES) INC., | ) | |
| MOTOROLA MOBILITY HOLDINGS, | ) | |
| LLC and MOTOROLA MOBILITY LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| VOICEAGE EVS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1061 (CFC) |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

The United States District Court for the District of Delaware (the "Court") presents its compliments to the Quebec Superior Court, and requests international judicial assistance to obtain evidence to be used in three civil proceedings before this Court: *VoiceAge EVS LLC v. HMD Global Oy*, C.A. No. 19-1945-CFC (the "HMD Proceeding"), *VoiceAge EVS LLC v. Lenovo Holdings Company, Inc., et al.*, C.A. No. 20-810-CFC (D. Del.) (the "Lenovo Proceeding"), and *VoiceAge EVS LLC v. Apple Inc.*, C.A. No. 20-1061-CFC (D. Del.) (the "Apple Proceeding" and, collectively, the "Proceedings").

The assistance requested is an order for the issuance of a subpoena to obtain the deposition testimony and document disclosure of Sylvain Desjardins, Co-President of VoiceAge Corporation, a private corporation having its head office in Montreal, Quebec, or in the event that the defendants and VoiceAge Corporation reach agreement, an equivalent representative with knowledge of the facts in question and access to the documents in issue, and Christian Beaulé, Executive Director of Research, Innovation, and Creation Support Services at the Université de Sherbrooke, a public, not for profit organization having its head office in Sherbrooke, Québec, or in the event that the defendants and Université de Sherbrooke reach agreement, an equivalent representative with knowledge of the facts in question and access to the documents in issue, as set forth in Appendix A hereto. With respect to methods and procedures to be followed in connection with

2

the requested depositions, the Court respectfully requests that, to the extent possible under Canadian law, the depositions be conducted orally and recorded by audio, audiovisual, or stenographic means.

The Court understands that the documents and information requested may be of a confidential nature. As such, there is a protective order in the Proceedings to protect the confidentiality of any documents produced and of any responses to questions. A copy of the court-entered protective order is attached hereto as Schedule B.

This Court is satisfied that the testimony and documents sought from Messrs. Desjardins and Beaulé would be relevant to the claims and defenses in the Proceedings. The testimony and documents would normally be subject to a subpoena issued by a party or parties and their counsel in the Proceedings under Rule 45 of the Federal Rules of Civil Procedure, but a subpoena so issued is not effective in Canada. Accordingly, the evidence may only be obtained through the intervention of the Quebec Superior Court and this Court is persuaded that such intervention is in the interests of justice.

The parties to the Proceedings have stipulated to endeavor to complete all third-party jurisdictional discovery by July 8, 2021. The Court therefore requests that the assistance be granted prior to said date.

1.  <u>Sender and Requesting Judicial Authority of the Requesting State, the United States of America:</u>

    Honorable Colm F. Connolly
    United States District Judge
    United States District Court for District of Delaware

2.  <u>Relevant Authority of Receiving State:</u>

    Clerk of the Court
    Quebec Superior Court
    1 Notre Dame Street East
    Montreal, Quebec, Canada H2Y 1B6
    Tel: +1 (514) 393-7221
    Fax: +1 (514) 873-4760

3.  <u>Person to Whom the Executed Request is to be Returned and Deadline for Return</u>

    The executed request should be returned to the Sender and Requesting Judicial

    Authority of the Requesting State, the United States of America, as identified above

    in Section 1, as expeditiously as possible.

4.  <u>Name and Address of Parties and Their Representatives:</u>

    a.  <u>Plaintiff:</u>

        VoiceAge EVS LLC
        620 Newport Center Drive, Suite 1100
        Newport Beach, CA 92660

    b.  <u>Defendants:</u>

        HMD Global Oy

4

Bertel Jungin aukio 9,
02600 Espoo, Finland


Apple Inc.
One Apple Park Way
Cupertino, California, USA 95014


Lenovo Holding Company, Inc.
1009 Think Place
Morrisville, NC 27560


Lenovo (United States) Inc.
1009 Think Place
Morrisville, NC 27560


Motorola Mobility Holdings, LLC
222 Merchandise Mart Plaza
Suite 1800, Chicago, IL 60654


Motorola Mobility LLC
222 Merchandise Mart Plaza,
Chicago, IL 60654


c.  Defendants' Legal Representatives in the United States:

For HMD Global Oy

Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
Att:      John W. Shaw
Tel:      (302) 298-0700
E-Mail:  jshaw@shawkeller.com

Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York, USA 10036 USA
Att:      Matthew J. Moffa
Tel:      (212) 261-6857
E-Mail:  mmoffa@perkinscoie.com


For Apple Inc.

Wilmer Hale
2600 El Camino Real, Suite 400
Palo Alto, California, USA 94306
Att:      Mark D. Selwyn
Tel:      (650) 858-6031
E-Mail:  Mark.Selwyn@wilmerhale.com


For Lenovo Holding Company, Inc., Lenovo (United States) Inc.,
Motorola Mobility Holdings, LLC, and Motorola Mobility LLC

Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York, USA 10036 USA
Att:      Gene W. Lee
Tel:      (212) 261-6825
E-Mail:  glee@perkinscoie.com


d.  Defendants' Legal Counsel in Quebec:

Borden Ladner Gervais LLP
1000 De La Gauchetière Street West
Suite 900
Montréal, Québec, Canada H3B 5H4
Att :     Mtre Daniel Grodinsky/ Mtre François Hawkins
Tel:      514-954-2503/ 514-954-2736
Fax:      514-954-1905
E-Mail:  dgrodinsky@blg.com / fhawkins@blg.com

5.     <u>Nature and Purpose of the Proceedings and Summary of the Case:</u>

The Proceedings are civil matters in the District Court for the District of Delaware (the "District Court") alleging infringement of U.S. Patent No. 7,693,710; U.S. Patent No. 8,401,843; U.S. Patent No. 8,825,475; U.S. Patent No. 8,990,073; and U.S. Patent No. 9,852,741 (each a "Patent-in-Suit," and, collectively, the "Patents-in-Suit").

The named inventors of the Patents-in-Suit are or were engineering faculty of the Speech and Audio Research Group at the Université de Sherbrooke.  All rights in each Patent-in-Suit were purportedly assigned by those inventors to VoiceAge Corporation of Quebec, Canada. Each Patent-in-Suit was thereafter purportedly assigned on December 5, 2018 from VoiceAge Corporation to Plaintiff VoiceAge EVS LLC.

Defendant HMD Global Oy has alleged that the Court lacks jurisdiction to hear Plaintiff's claims because Plaintiff lacks an exclusionary interest in the Patents-in-Suit, and therefore lacks standing to bring its claims.  HMD Global Oy has identified public evidence suggesting that assignments, licenses, or other encumbrances may authorize VoiceAge Corporation of Quebec and the Université de Sherbrooke, or parties related thereto, to excuse some or all of the infringement alleged in the Proceedings.

On January 22, 2021, the Court authorized limited jurisdictional discovery regarding Plaintiff's standing, on which the following issues, relevant to this request, bear:

- Whether VoiceAge Corporation at any time held any right or obligation to license any of the Defendants to the Proceedings, or their customers, under the Patents-in-Suit, or otherwise excuse infringement thereby;

- Whether any license to any of the Patents-in-Suit granted by VoiceAge Corporation included any right or obligation to license any of the Defendants to the Proceedings, or their customers, under the Patents-in-Suit, or otherwise excuse infringement thereby;

- Whether the Université de Sherbrooke at any time held any right or obligation to license any of the Defendants to the Proceedings, or their customers, under the Patents-in-Suit, or otherwise excuse infringement thereby;

- Whether any license to any of the Patents-in-Suit granted by the Université de Sherbrooke included any right or obligation to license any of the Defendants to the Proceedings, or their customers, under the Patents-in-Suit, or otherwise excuse infringement thereby;

- Whether any of the named inventors to the Patents-in-Suit, in the context of their employment by the Université de Sherbrooke, held at

any time any right or obligation to license any of the Defendants to the Proceedings, or their customers, under the Patents-in-Suit, or otherwise excuse infringement thereby.

On March 17, 2021, the Court so-ordered a stipulation by all parties to the Proceedings that the defendants in the Lenovo and Apple Proceedings could participate jointly in jurisdictional discovery in the HMD Proceeding, and that any jurisdictional discovery taken in the HMD Proceeding shall be deemed to have been taken in the Lenovo and Apple Proceedings as well.

6.    Judicial Action to Be Taken and Documentary Evidence to Be Obtained:

This Court respectfully requests that the Quebec Superior Court issue a subpoena *duces tecum* to obtain the deposition testimony and compel the production of the documentary evidence set forth in Schedule A to this Request from Sylvain Desjardins, representative of VoiceAge Corporation and Christian Beaulé, representative of the Université de Sherbrooke, or, in the event that the defendants reach respective agreements with VoiceAge Corporation and the Université de Sherbrooke, an equivalent representative with knowledge of the facts in question and access to the documents in issue, on or before June 8, 2021, or as soon thereafter as is possible.

This Court is cognizant of the existence of the Quebec *Business Concerns Records Act*, CQLR c D-12, and takes no position as to its application in this instance. However, this Court respectfully requests that, in the event of any potential decision by the Quebec Superior Court barring the disclosure of documents requested by Defendants pursuant to the Quebec *Business Concerns Records Act*, CQLR c D-12, Defendant be permitted to obtain the oral deposition testimony of Messrs. Desjardins and Beaulé on relevant facts pertaining to the requested documents and their content, in accordance with applicable rules of procedure, case law and legal doctrine in that jurisdiction.

This Court respectfully requests that the legal representatives for the parties to the Proceedings in the United States be permitted to attend and participate in any deposition.

7.   <u>Relevance of This Request:</u>

This Request seeks limited documentary evidence from Sylvain Desjardins, representative of VoiceAge Corporation, and from Christian Beaulé, representative of the Université de Sherbrooke, or in the event that the defendants reach respective agreements with VoiceAge Corporation and the Université de Sherbrooke, equivalent representatives with knowledge of the facts in question and access to the documents in issue.

There is good reason to conclude that VoiceAge Corporation possesses evidence directly relevant to the question of whether Plaintiff holds the exclusive right to grant patent licenses or otherwise excuse patent infringement by the persons and products accused of infringement in the Proceedings. VoiceAge Corporation was the original assignee and licensor of the Patents-in-Suit.  VoiceAge Corporation at one time litigated as an exclusive licensee of patents assigned to the Université de Sherbrooke, like the Patents-in-Suit.

VoiceAge Corporation may have granted licenses to the Patents-in-Suit and encumbrances regarding their enforcement.  VoiceAge Corporation at one time listed three of the Patents-in-Suit (U.S. Patent No. 7,693,710; 8,401,843; and 8,825,475) within its own "patent portfolio" allegedly covering the EVS standard accused of infringement here.  Public recordation documents indicate that the Patents-in-Suit were assigned by VoiceAge Corporation to VoiceAge EVS subject to "encumbrances."  As of April 16, 2021, VoiceAge EVS has not produced to Defendants any assignments or other documents under which VoiceAge Corporation set forth such encumbrances, suggesting those documents may not be in VoiceAge EVS's possession or otherwise available for production by VoiceAge EVS.

VoiceAge Corporation's records regarding the Patents-in-Suit, including all licenses and encumbrances entered into by VoiceAge Corporation regarding the Patents-in-Suit, are therefore necessary to confirm whether, at any time, it or its

licensees held any right or obligation to license any of the Defendants or their customers under the Patents-in-Suit or otherwise excuse infringement thereby.

There is also good reason to conclude that the Université de Sherbrooke possesses evidence directly relevant to the question of whether Plaintiff holds the exclusive right to grant patent licenses or otherwise excuse patent infringement by the persons and products accused of infringement in the Proceedings. The Université de Sherbrooke employed the named inventors of the Patents-in-Suit during their alleged development of the patented technologies. The Université de Sherbrooke's written invention policies at the time of the invention of the Patents-in-Suit will likely detail whether and when a license or other practice rights may be reserved for Defendants or their customers under the Patents-in-Suit. Those invention policies are not public documents and appear not to be in Plaintiff's possession. The Université de Sherbrooke also appears to possess information about the formation of VoiceAge Corporation, and its obligations regarding enforcement of the Patents-in-Suit, which may not be in Plaintiff's possession.

The Université de Sherbrooke's written invention policies and records, its records regarding the formation of VoiceAge Corporation and its relationship thereto, and its records regarding the Patents-in-Suit, are necessary to confirm whether the Université de Sherbrooke —or its employees or affiliates—hold, or at

12

any relevant time held, the right or obligation to license or otherwise excuse infringement by the Defendants or their customers.

The evidence sought from VoiceAge Corporation and the Université de Sherbrooke via their respective representatives is relevant to the determination of the Court's jurisdiction to hear the Proceedings and thus is dispositive to the Plaintiff's claims therein. Furthermore, the evidence sought is not otherwise obtainable as Defendants have pursued document disclosure from Plaintiff before this Court pursuant to Fed. R. Civ. P. 26, but have not obtained the information and evidence below.

In the event that the Quebec *Business Concerns Records Act* CQLR c D-12 is deemed by the Quebec Superior Court to prohibit the production by Messrs. Desjardins and/or Beaulé of certain documentary evidence summarized above, the oral deposition testimony sought from Messrs. Desjardins and/or Beaulé remains relevant to the Proceedings inasmuch as it confirms the existence and authenticity of the evidence, and reveals any other relevant facts regarding the scope of patent rights granted thereunder, including in venues outside of Quebec, in addition to their content.

The judicial assistance sought by this Court is not unduly burdensome inasmuch as the subpoena can provide that the documents be produced in electronic format, and that the oral depositions of Messrs. Desjardins and/or Beaulé take place

at any reasonably adjourned date and time convenient to each witness and their respective counsels or, upon agreement, by remote deposition means.  In view of the foregoing, this Court respectfully requests, in the interests of justice, that a subpoena *duces tecum* be issued, in accordance with the laws and procedures of the courts in Canada, to obtain the oral deposition testimony of Messrs. Desjardins and/or Beaulé.

8.      Request for Notification of Time and Place for the Execution of the Request
        and Address of any Person to be Notified:

        Borden Ladner Gervais LLP
        1000 De La Gauchetière Street West
        Suite 900
        Montréal, Québec, Canada H3B 5H4
        Att :        Me Daniel Grodinsky
        Tel:         514-954-2503
        Fax:         514-954-1905
        E-Mail:      dgrodinsky@blg.com

9.      Specification of Privilege or Duty to Refuse to Give Evidence under the Law
        of the State of Origin:

        Under the laws of the United States, a person has a privilege to refuse to give evidence if the evidence discloses confidential communication between that person and an attorney for that person that was made for the purpose of obtaining legal advice.  Persons also enjoy limited privileges on other grounds likely not relevant here such as communications between physician and patient, psychotherapist and patient, husband and wife, and clergy and penitent.   United States law also recognizes a privilege against self-incrimination, which is also not likely applicable

14

here.  Outside of the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created as the work product of attorneys during, or in anticipation of, litigation.

10.   <u>The Reasonable Costs Incurred in Responding to This Request Will be Borne by:</u>

Defendants, through their legal counsel in Quebec, undertake to maintain the amount of CAD $5,000, in trust, as security for reasonable legal costs, as defined at article 339 of the Quebec *Code of Civil Procedure*, CQLR c. C-25.01, which may be incurred by the responding witnesses in responding to this Request, and this, until the completion of the discovery resulting from the issuance of this Request.

11.   <u>Reciprocity:</u>

The United States District Court for the District of Delaware expresses its appreciation to the Quebec Superior Court for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of Quebec in a similar manner when so requested.

12.   <u>Signature and Seal of Requesting Authority:</u>

Dated:                    _____

                          Honorable Colm F. Connolly

                          United States District Judge

                          United States District Court for District of Delaware

SEAL OF THE COURT:

## SCHEDULE A
## DOCUMENTARY EVIDENCE REQUESTED BY DEFENDANT

Defendants HMD Global Oy, Apple Inc., Lenovo Holding Company, Inc., Lenovo (United States) Inc., Motorola Mobility Holdings, LLC, and Motorola Mobility LLC request that Sylvain Desjardins, representative of VoiceAge Corporation, produce the following documents and things:

1. All documents in the possession of VoiceAge Corporation assigning any rights in any or all of the following patents: U.S. Patent No. 7,693,710; U.S. Patent No. 8,401,843; U.S. Patent No. 8,825,475; U.S. Patent No. 8,990,073; and U.S. Patent No. 9,852,741 (each an "Asserted Patent" and collectively the "Asserted Patents").

2. All licenses granted by VoiceAge Corporation to an Asserted Patent.

3. All documents that reflect an obligation or entitlement held by VoiceAge Corporation, its licensees, or its assigns, now or at any prior time, to grant a license to, or other right under, an Asserted Patent, regardless of whether any conditions precedent have occurred for that obligation or entitlement to vest.

4. All documents that reflect an obligation held by VoiceAge Corporation, its licensees, or its assigns, now or at any prior time, to refrain from granting any right under any Asserted Patent to any Person, regardless of whether any conditions precedent have occurred for that obligation to vest.

5. All documents that reflect an obligation by VoiceAge Corporation, its licensees, or its assigns, now or at any prior time, to refrain from enforcing any Asserted Patent against any Person, regardless of whether any conditions precedent have occurred for that obligation to vest.

6. All documents (including, for the avoidance of doubt, "side letters") that reflect a promise by VoiceAge Corporation, its licensees, or its assigns, now or at any prior time, to refrain from enforcing any Asserted Patent against any Person.

7. All licenses granted by VoiceAge Corporation, its licensees, or its assigns, now or at any prior time, to practice any of the technical specifications within the Enhanced Voice Service Standard as issued by organizational partners of the 3GPP (the "EVS Standard").

In the event that the Quebec *Business Concerns Records Act* CQLR c D-12 is deemed by the Quebec Superior Court to prohibit the production by Mr. Desjardins or any other witness of any of the documentary evidence above, Defendants request that Mr. Desjardins or such other witness provide oral deposition testimony to confirm the existence and authenticity of any such document and to provide relevant facts regarding the scope of patent rights granted thereunder, including in venues outside of Quebec, in addition to their content.

Defendants HMD Global Oy, Apple Inc., Lenovo Holding Company, Inc., Lenovo (United States) Inc., Motorola Mobility Holdings, LLC, and Motorola Mobility LLC further request that Christian Beaulé, representative of the Université de Sherbrooke, produce the following documents and things:

1. All documents in the possession of the Université de Sherbrooke assigning any rights in an Asserted Patent.

2. All licenses granted by the Université de Sherbrooke to an Asserted Patent.

3. All documents that reflect an obligation or entitlement held by the Université de Sherbrooke, its licensees, or its assigns, now or at any prior time, to grant a license to, or other right under, an Asserted Patent, regardless of whether any conditions precedent have occurred for that obligation or entitlement to vest.

4. All documents that reflect an obligation held by the Université de Sherbrooke, its licensees, or its assigns, now or at any prior time, to refrain from granting any right under any Asserted Patent to any Person, regardless of whether any conditions precedent have occurred for that obligation to vest.

5. All documents that reflect an obligation held by the Université de Sherbrooke, its licensees, or its assigns, now or at any prior time, to refrain from enforcing any Asserted Patent against any Person, regardless of whether any conditions precedent have occurred for that obligation to vest.

6. All documents (including, for the avoidance of doubt, "side letters") that reflect a promise by the Université de Sherbrooke, its licensees, or its assigns, now or at any prior time, to refrain from enforcing any Asserted Patent against any Person.

7. All licenses granted by the Université de Sherbrooke to practice any of the technical specifications within the EVS Standard.

8. All written policies of the Université de Sherbrooke in effect between 2005 and 2014 regarding the ownership or assignment of inventions made by employees and/or faculty of the Université de Sherbrooke that would apply to the technology in any Assigned Patent.

9. All written policies of the Université de Sherbrooke in effect between 2005 and 2014 regarding the ownership or assignment of inventions made by any of the following named inventors of an Assigned Patent: Milan Jelinek; Philippe Gournay; Vaclav Eksler; Redwan Salami; Vladimir Malenovsky; and Tommy Vaillancourt.

10. All documents regarding the formation of VoiceAge Corporation and any rights under the Asserted Patents assigned thereto.

11. All documents regarding the relationship between the Université de Sherbrooke and VoiceAge Corporation.

In the event that the Quebec *Business Concerns Records Act* CQLR c D-12 is deemed by the Quebec Superior Court to prohibit the production by Mr. Beaulé or any other witness of any of the documentary evidence above, Defendants request that Mr. Beaulé or such other witness provide oral deposition testimony to confirm the existence and authenticity of any such document and to provide relevant facts regarding the scope of patent rights granted thereunder, including in venues outside of Quebec, in addition to their content.

20

**SCHEDULE B**

**PROTECTIVE ORDER**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOICEAGE EVS LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>HMD GLOBAL OY,<br><br>        Defendant. | C.A. No. 19-1945-CFC |
| VOICEAGE EVS LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>LENOVO HOLDING COMPANY, INC., LENOVO (UNITED STATES) INC., MOTOROLA MOBILITY HOLDINGS, LLC and MOTOROLA MOBILITY LLC,<br><br>        Defendants. | C.A. No. 20-810-CFC |
| VOICEAGE EVS LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | C.A. No. 20-1061-CFC |

# [PROPOSED] LIMITED PROTECTIVE ORDER FOR JURISDICTIONAL-RELATED DISCOVERY

1.    <u>PURPOSES AND LIMITATIONS</u>

      Limited discovery in this action authorized under the Court's order dated March 17, 2021 is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This limited Protective Order shall apply only to the parties' jurisdictional discovery authorized under the Court's order dated March 17, 2021.  This Stipulated Protective Order does not prevent the parties from seeking a separate protective order to govern additional discovery that may be conducted at a later date.

2.    <u>DEFINITIONS</u>

      2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

      2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery requests as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have

appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party; as well as staff of such counsel to whom it is reasonably necessary to disclose or allow access to Protected Materials for this matter.

2.10   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

3.1   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

4

presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.2    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared or was involved in the preparation of the Protected Material.

3.3    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.  Notwithstanding any other provision in this agreement (including, for the avoidance of doubt, Section 11.3 below), a Producing Party who produces information or items under this Protective Order consents to the use of such information or items in court filings related to establishing or challenging the Court's jurisdiction pursuant to the Court's order dated March 17, 2021. Any Party or Non-Party who seeks to use Protected Material

in this manner shall file that material under seal. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This order does not govern the use of Protected Material at trial.

3.4    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, and except as otherwise provided in this Order, the Designating Party must designate for

6

protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

(b) <u>for testimony given in deposition</u>, that the Designating Party either (1) identify on the record or (2) identify, in writing, within 21 days of receipt of the final transcript, that the transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

7

The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. Any transcript that was not designated on the record pursuant to the first paragraph of section 5.2(b) above shall be treated during the 21-day period for designation as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

9

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall seek relief from the Court to maintain the designation. Such request must be made within 14 days of the date of service of notice. Failure by the Designating Party to make such a request shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may seek relief by challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. The burden of persuasion in any such challenge proceeding (whether initiated by the Challenging Party or Designating Party) shall be on the Designating Party.

Unless the Designating Party has waived the confidentiality designation by failing to seek relief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving

Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

        (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c) Experts (as defined in this Order) of the Receiving Party, as well as up to four (4) employees of said Experts, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d) the Court and its personnel;

        (e) court reporters and their staff;

        (f) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who, except for copy vendors, have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, with consent of the Designating Party or as ordered by the Court;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party, as well as up to four (4) employees of said Experts, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) for Experts only, as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who, except for copy vendors, have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.5  Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items to Designated Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to Section 7.3 first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom

13

such work was done, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. With regard to the information sought through part (5) of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements. Notwithstanding anything to the contrary in this paragraph, the up to four (4) employees of any Expert do not need to be disclosed.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert will have 10 days from the date of the meet and confer to seek relief form the Court. If relief is not sought from the Court within that time, the request for disclosure shall be deemed withdrawn.

14

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.     OTHER PROCEEDINGS

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

15

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

   2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

 (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information (unless a different period of time is specified by a contract or agreement involving the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested), the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

11. <u>MISCELLANEOUS</u>

11.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested

17

persons, a Party may not file in the public record in this action any Protected Material.

11.4 <u>Computation of Time</u>. The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## 12. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, with the exception of paper copies of source code. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any

such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Dated: March 18, 2021                    Respectfully submitted,

FARNAN LLP                               MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Brian E. Farnan                      /s/ Rodger D. Smith II
Brian E. Farnan (#4089)                  Jack B. Blumenfeld (#1014)
Michael J. Farnan (#5165)                Rodger D. Smith II (#3778)
919 North Market Street, 12th Floor      1201 North Market Street
Wilmington, DE 19801                     P.O. Box 1347
(302) 777-0300                           Wilmington, DE 19899
bfarnan@farnanlaw.com                    (302) 658-9200
mfarnan@farnanlaw.com                    jblumenfeld@morrisnichols.com
                                         rsmith@morrisnichols.com
*Attorneys for Plaintiff VoiceAge EVS*
*LLC*                                    *Attorneys for Defendants Lenovo Holding*
                                         *Company, Inc., Lenovo (United States)*
                                         *Inc., Motorola Mobility Holdings, LLC and*
                                         *Motorola Mobility LLC*


POTTER ANDERSON & CORROON LLP            SHAW KELLER LLP

/s/ Bindu A. Palapura                    /s/ Nathan R. Hoeschen
David E. Moore (#3983)                   John W. Shaw (#3362)
Bindu A. Palapura (#5370)                Nathan R. Hoeschen (#6232)
Stephanie E. O'Byrne (#4446)             I.M. Pei Building
Hercules Plaza, 6th Floor                1105 North Market Street, 12th Floor
1313 N. Market Street                    Wilmington, DE 19801
Wilmington, DE 19801                     (302) 298-0700
Tel: (302) 984-6000                      jshaw@shawkeller.com
dmoore@potteranderson.com                nhoeschen@shawkeller.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com               *Attorneys for Defendant HMD Global Oy*

*Attorneys for Defendant Apple Inc.*

19

**SO ORDERED** this _____ day of _____, 2021.

_____

The Honorable Colm F. Connolly

United States District Court Judge

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the District of Delaware on

_____ [date] in the case of *VoiceAge EVS LLC v.* _____, Case

No. ____-_____-CFC (D. Del.). I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the District of Delaware for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of

this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

21

## DelGiudice, Martha (NYC)

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Friday, March 19, 2021 11:36 AM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:19-cv-01945-CFC VoiceAge EVS LLC v. HMD Global Oy SO ORDERED |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Delaware

### Notice of Electronic Filing

The following transaction was entered on 3/19/2021 at 11:35 AM EDT and filed on 3/19/2021

| | |
|---|---|
| **Case Name:** | VoiceAge EVS LLC v. HMD Global Oy |
| **Case Number:** | 1:19-cv-01945-CFC |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**SO ORDERED, re (15 in 1:20-cv-00810-CFC, 26 in 1:19-cv-01945-CFC, 25 in 1:20-cv-01061-CFC) Proposed Limited Protective Order For Jurisdictional-Related Discovery filed by VoiceAge EVS LLC. Ordered by Judge Colm F. Connolly on 3/19/2021. Associated Cases: 1:19-cv-01945-CFC, 1:20-cv-00810-CFC, 1:20-cv-01061-CFC(fms)**

| | |
|---|---|
| **Case Name:** | VoiceAge EVS LLC v. Lenovo Holding Company, Inc. et al |
| **Case Number:** | 1:20-cv-00810-CFC |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**SO ORDERED, re (15 in 1:20-cv-00810-CFC, 26 in 1:19-cv-01945-CFC, 25 in 1:20-cv-01061-CFC) Proposed Limited Protective Order For Jurisdictional-Related Discovery filed by VoiceAge EVS LLC. Ordered by Judge Colm F. Connolly on 3/19/2021. Associated Cases: 1:19-cv-01945-CFC, 1:20-cv-00810-CFC, 1:20-cv-01061-CFC(fms)**

| | |
|---|---|
| **Case Name:** | VoiceAge EVS LLC v. Apple Inc. |
| **Case Number:** | 1:20-cv-01061-CFC |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**SO ORDERED, re (15 in 1:20-cv-00810-CFC, 26 in 1:19-cv-01945-CFC, 25 in 1:20-cv-01061-CFC)**
**Proposed Limited Protective Order For Jurisdictional-Related Discovery filed by VoiceAge**
**EVS LLC. Ordered by Judge Colm F. Connolly on 3/19/2021. Associated Cases: 1:19-cv-01945-**
**CFC, 1:20-cv-00810-CFC, 1:20-cv-01061-CFC(fms)**


**1:19-cv-01945-CFC Notice has been electronically mailed to:**

John W. Shaw    jshaw@shawkeller.com, cal@shawkeller.com

Brian E. Farnan    bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Annie Huang    ahuang@RobinsKaplan.com, sallen@RobinsKaplan.com

Christopher A. Seidl    CSeidl@RobinsKaplan.com, npierick@robinskaplan.com

Michael J. Farnan    mfarnan@farnanlaw.com, tfarnan@farnanlaw.com

William J. McCabe    wmccabe@perkinscoie.com, docketNYC@perkinscoie.com

Li Zhu    lzhu@robinskaplan.com, kschmeckpeper@robinskaplan.com

Matthew J. Moffa    MMoffa@perkinscoie.com, docketnyc@perkinscoie.com

Benjamen C. Linden    Blinden@RobinsKaplan.com, BMiller@RobinsKaplan.com

**1:19-cv-01945-CFC Filer will deliver document by other means to:**

**1:20-cv-00810-CFC Notice has been electronically mailed to:**

Rodger Dallery Smith, II    rdsefiling@mnat.com, rsmith@mnat.com

Brian E. Farnan    bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Annie Huang    ahuang@RobinsKaplan.com, sallen@RobinsKaplan.com

Christopher A. Seidl    CSeidl@RobinsKaplan.com, npierick@robinskaplan.com

Michael J. Farnan    mfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Li Zhu    lzhu@robinskaplan.com, kschmeckpeper@robinskaplan.com

Benjamen C. Linden    Blinden@RobinsKaplan.com, BMiller@RobinsKaplan.com

**1:20-cv-00810-CFC Filer will deliver document by other means to:**

**1:20-cv-01061-CFC Notice has been electronically mailed to:**

David Ellis Moore    dmoore@potteranderson.com, IPefilings@potteranderson.com, iplitigation@potteranderson.com

Brian E. Farnan    bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Annie Huang     ahuang@RobinsKaplan.com, sallen@RobinsKaplan.com

Mark D. Selwyn     Mark.Selwyn@wilmerhale.com, ernest.aglipay@wilmerhale.com

Christopher A. Seidl     CSeidl@RobinsKaplan.com, npierick@robinskaplan.com

Jason F. Choy     jason.choy@wilmerhale.com

Dominic E. Massa     dominic.massa@wilmerhale.com

Joseph J. Mueller     joseph.mueller@wilmerhale.com

Michael J. Farnan     mfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Bindu Ann George Palapura     bpalapura@potteranderson.com

Li Zhu     lzhu@robinskaplan.com, kschmeckpeper@robinskaplan.com

Jennifer J. Johnson     jennifer.john@wilmerhale.com

Benjamen C. Linden     Blinden@RobinsKaplan.com, BMiller@RobinsKaplan.com

Brittany B. Amadi     brittany.amadi@wilmerhale.com

Nina Garcia     nina.garcia@wilmerhale.com

Timothy D. Syrett     timothy.syrett@wilmerhale.com

**1:20-cv-01061-CFC Filer will deliver document by other means to:**